IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JUAN PARTIDA-ORTIZ,<br><br>                Defendant. | 8:12CR353<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's objections, Filing Nos. 78 and 81, to the magistrate judge's Findings and Recommendation ("F&R"), Filing No. 77, denying defendant's Motion to Dismiss Indictment and Suppress Evidence of Prior Removal, Filing No. 30. Pursuant to 28 U.S.C. § 636(b)(1)(A), this court conducts a de novo review of the magistrate judge's findings to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court reviewed the entire record, including the transcript ("Tr.") of the motion to dismiss and suppression hearing. Filing No. 76. The court concludes that the F&R of the magistrate judge should be adopted in its entirety.

## BACKGROUND

The court adopts the facts as set forth in the F&R, Filing No. 77. However, the court will briefly summarize the facts. In 1977, Juan Partida-Ortiz entered the United States from Mexico when he was six years old. *See* Filing No. 51-1 – Partida-Ortiz's Aff. ¶ 6. Partida-Ortiz was granted lawful permanent resident status on September 11, 1989. *Id.* at ¶ 8. Throughout the 1980s and 1990s, Partida-Ortiz and his wife had five children in the United States. *See id.* at ¶¶ 6-16. The defendant resided in Omaha,

Nebraska, and worked with Greater Omaha Packing, Nebraska Beef, Quality Pork International, Jim Earp Chrysler Plymouth, and S&W Fence from 1991-2001. See Filing No. 76, Tr. 92. By all accounts, Partida-Ortiz was a good father during these years. *Id.* at 68-70.

In 2002, defendant was sentenced to one-year imprisonment for possession of cocaine in Douglas County, Nebraska. Upon his release from the Nebraska State Penitentiary, the INS issued a Warrant for Arrest of Alien. *See* Filing No. 44-11. The INS alleged that Partida-Ortiz was admitted to the United States, but was deportable because he was not a citizen and he had been convicted of possession of cocaine, which is an aggravated felony under Nebraska state law. *See* Filing No. 44-13.

An immigration judge found that Partida-Ortiz was removable by virtue of his conviction for possession of cocaine on April 28, 2003. The magistrate judge found that during the proceedings Partida-Oritz was represented by a Mr. Finch, who appeared on defendant's behalf in a series of hearings.[1] See Filing No. 44-18. Pursuant to the findings made in these hearings, the defendant was removed from the United States on June 2, 2003. Filing No. 44-20. However, defendant reentered the United States from Mexico five days later, and the authorities immediately detained him. See Filing No. 76, TR. 84-85. After another series of hearings in Las Vegas, Nevada, defendant was removed from the United States for a second time on July 18, 2003. Filing No. 44-33.

Mr. Partida-Ortiz alleges that during these immigration proceedings he was not given proper notice prior to the proceedings, nor was he given an explanation of his charges and the proceedings that were to occur. He further alleges he had no

---

[1] Defendant contends he never hired Mr. Finch to represent him.

2

assistance of counsel, and was denied the right to participate in his own proceedings. *Id.* Because of his alleged deprivation of proper judicial review, the defendant is now challenging his prior removal order.

## DISCUSSION

The defendant has objected on the grounds that his rights to procedural and substantive due process were denied in prior proceedings, and thus, the immigration proceedings were fundamentally unfair under 8 U.S.C. § 1326. The court has reviewed the magistrate judge's findings and agrees with those findings in all respects. The magistrate judge found that Partida-Ortiz failed to carry his burden to satisfy the three-part conjunctive requirements of 8 U.S.C. 1326(d) to successfully collaterally attack his deportation proceedings. Filing No. 77 at 27. The magistrate judge reasoned that the proper procedures had been followed in Partida-Ortiz's prior proceedings. The defendant was given notice of his proceedings; he had assistance of counsel; he was given an explanation of his charges, the administrative process and the appeals process; and either the defendant and/or his counsel had participated in his proceedings. Further, the court agrees with the magistrate judge that defendant's substantive due process claim, even if had merit, did not result in a fundamentally unfair proceeding under 8 U.S.C. 1326.

THEREFORE, IT IS ORDERED:

1. Defendant Juan Partida-Ortiz's Motion to Dismiss Indictment and Suppress Evidence of Prior Removal, Filing No. 30, is denied.

2. Defendant's objections, Filing Nos. 78 and 81, are overruled.

8:12-cr-00353-JFB-TDT   Doc # 83   Filed: 11/21/13   Page 4 of 4 - Page ID # 604

3.  The F&R of the magistrate judge, Filing No. 77, is adopted in its entirety.

Dated this 21st day of November, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4